UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN GUAN,<br><br>      Plaintiff,<br><br>  v.<br><br>CHANCE ANDES,<br><br>      Defendant. | Case No. 25-cv-06909-PCP<br><br>**ORDER OF DISMISSAL IN PART AND FOR RESPONDENT TO SHOW CAUSE IN PART; ORDER DENYING IN FORMA PAUPERIS APPLICATION AND CLARIFICATION MOTION AS MOOT**<br><br>Re: Dkt. Nos. 4, 5 |

Min Guan, an inmate at the San Quentin Rehabilitation Center in San Quentin, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). The Court noted that the Petition contained both exhausted and unexhausted claims and ordered Mr. Guan to decide how to proceed with his mixed petition. Dkt. No. 10. Mr. Guan responded that he would like to dismiss his unexhausted claims and proceed only on the exhausted claims. Dkt. No. 11. Pursuant to Mr. Guan's election, his unexhausted claims (Claim 3, for prosecutorial misconduct; Claim 4, for insufficient evidence; and Claim 6, for cumulative error) are **DISMISSED**.

Mr. Guan's three remaining claims now are before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the three exhausted claims in the Petition: Claim 1, for a Miranda violation; Claim 2, for instructional error; and Claim 5, for a clerical error which impinged upon Mr. Guan's due process rights.

Mr. Guan moved to proceed *in forma pauperis*, Dkt. No. 5, and submitted a "motion to clarify" questions surrounding the filing fee, Dkt. No. 4. Mr. Guan also paid the filing fee for this action. Dkt. No. 6. Mr. Guan's motions accordingly are **DENIED AS MOOT**.

United States District Court
Northern District of California

## BACKGROUND

Mr. Guan was convicted of first-degree murder by the Superior Court of the County of San Francisco. Pet. at 1. His sentence was issued on June 29, 2023. *See id*. Mr. Guan appears timely to have appealed to the Court of Appeal for the First Appellate District, and timely to have filed a petition for review in the California Supreme Court. *See id*. at 2–3.

The California Supreme Court denied Mr. Guan's petition for review on June 18, 2025. *See id*. at 3. Mr. Guan filed the instant federal habeas action on or before August 15, 2025. *See id*. at 1.

## LEGAL STANDARD

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Mr. Guan raised three exhausted claims in the Petition. As explained above, Mr. Guan's other claims are unexhausted and are dismissed pursuant to his election. Accordingly, **only** the following three claims are at issue in this lawsuit:

1. Mr. Guan claims that his waiver of his Miranda rights was not voluntary, knowing, and intelligent, due to a language barrier, his mental state during questioning, and the failure of the interrogating officers to ensure Mr. Guan's comprehension. Mr. Guan contends that the admission of statements made during his interrogation thus violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. Pet., Ex. A at 2–3.

2. Mr. Guan claims that the trial court erred in instructing the jury using CALCRIM No. 315, regarding eyewitness certainty. Mr. Guan argues that this instruction misled jurors

2

and thus violated his rights under the Fourteenth Amendment to the United States Constitution. *Id*. at 3.

3.  Mr. Guan claims that the abstract of judgment issued by the trial court incorrectly reflects a $600 restitution fine, when the trial court imposed a restitution fine of only $200. Mr. Guan contends that this error implicates his liberty and property interests, and thus violated his rights under the Fourteenth Amendment to the United States Constitution. *Id*. at 5.

Liberally construed, Mr. Guan's claims appear at least arguably cognizable under § 2254 and therefore merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons,

1.  Liberally construed, the Petition warrants a response.

2.  The Clerk shall electronically serve a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and any exhibits thereto are available via the ECF system for the Northern District of California. The Clerk also shall serve by mail a copy of this order on the petitioner.

3.  The respondent must file and serve upon the petitioner, on or before **June 26, 2026,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

4.  If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on the respondent on or before **July 31, 2026.**

5.  The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case

United States District Court
Northern District of California

number for this case on the first page of any document he submits to the Court for consideration in this case.

6.    The application to proceed *in forma pauperis* and the motion for clarification are **DENIED AS MOOT**. Dkt. Nos. 4, 5.

**IT IS SO ORDERED.**

Dated: March 18, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

4